Pearson, C. J.
 

 The motion to dismiss a
 
 certiorari
 
 is not allowed when an opportunity to appeal is lost by accident or unavoidable cause, and without laches. The writ of
 
 certiorari
 
 is usual to bring the case up, and after being put on the trial docket it is, to all purposes, as if there had been an appeal. In this case no laches can be imputed to the complainants. The law considers the term of the court in the county of Person as continuing until 4 o’clock on Thursday, and suitors have up to that time to decide whether they will appeal or not. So if the complainants had said on Wednesday that they were satisfied with the arrangement in respect to the bond against waste, they had a right, on second thought, to change their minds, and avail themselves of the right of appeal freely given by our law to any party who is dissatisfied and is able to secure the costs. Suitors, therefore, cannot lose this right by the accident, that the Judge took his departure on the day before, provided the intention to appeal was formed before the expiration of the term contemplated by law. There is no doubt as to the facts, and it would seem to be captious to rule the parties down and require them to come to a conclusion on the instant in reference to appealing, as the intention to appeal was made known in so short a time, and no inconvenience ought to have resulted from a day’s delay.
 

 Upon the merits, my brother Battle and I are fully satis
 
 *131
 
 fled that the sequestration and appointment of a receiver should be continued until the hearing.
 

 In contracts for the sale of land it is usual for vendors, besides retaining the title as security for the purchase money, also to require a note, with sureties, as additional security, at least for a part of the price, and the vendee is let into possession and the pernancy of the rents and profits, subject to the right of the vendor, if installments are not promptly met, to take back the possession, and receive the rents and profits to meet accruing interest. The vendor may sue at law, take judgment on the note of the vendee, exhaust him and his sureties, and then apply to a Court of Equity for a specific performance of the contract in this form, i. e., a reference for an account to fix the balance due for principal and interest of purchase money, and a decree for a sale of the land to pay such balance, unless at a day certain the vendee pays into court the said amount aud will accept the deed of the vendor, or make objection to his title and ask for a reference.
 

 In our case, the vendors were content with the title as security, and let the vendee into possession without requiring personal sureties as to any part of the purchase money. After the expiration of several years beyond the time when the mills and land ought to have been paid for, the vendors, finding, as they allege, that the mills were getting out of repair and becoming subject to waste, and fearing that they would never get their pay, and would have to take the land back, made'this proposition to the vendee: “Pay the purchase money and accept title, or else give up our bond for title and accept your notes,
 
 so as to cancel the contract
 
 .subject to arbitration as to yhat you ought to pay either for interest or for
 
 mesne profits
 
 during the time you have had the use and benefit of our mills and land.” To these propositions, which seem to us to be reasonable, the defendant .declines to accede, and, on the contrary, insists upon keep
 
 *132
 
 ing in his hands
 
 both the land and the price of it, without securing rents or interest,
 
 upon the ground that he has as much right to avail himself of the
 
 usiay law
 
 ” as those who are indebted to him!
 

 Without intending to intimate an opinion how far any man can honestly avail himself of the stay law to avoid doing that which for a valuable consideration he undertakes to do, we are confident in the opinion that the case under consideration stands on ground differing from that of one where the land has been conveyed, the vendor choosing to rely on the naked personal obligation of the vendee, as in
 
 Miller
 
 v
 
 Miller, ante,
 
 p. 85; for here the land belongs to the complainants until the price is paid, and it is against conscience for the vendee to keep both the land and the price, and not secure the payment of rent or interest. We find, from the cases cited on the argument, that although a vendee let into possession is not accountable for rents and profits as a general rule, yet, under special circumstances importing insolvency and waste, the court will appoint a receiver, so as to secure something for the vendor. Wc have a strong legislative enactment on this subject, see Code. ch. 63, sec. 2. “And it is hereby declared that any one let into possession, under a contract of purchase which fails, is within the meaning and provision of this section, and shall be liable for his use and occupation. Our decision is mainly put on the doctrine set out in Adams’
 
 Equity,
 
 which we find to be fully supported by the cases cited. The court will not allow a vendee to keep the land and the price too, but will put him under a rule to pay the purchase money into court. The defendant admits his total inability to comply with a rule to this effect, so the rule appointing a receiver is much the milder course, and is the only one that could be adopted, unless the defendant is to be allowed to have the use of the complainants’ mills and land for nothing, and without paying the price agreed on, until such time as the cause may
 
 *133
 
 be brought on for hearing according to the course of the court, which would be to allow him to take advantage of his own wrong.
 

 Per Curiam.
 

 Decretal order reversed, and ordered that the sequestration and receiver be continued until the hearing.